**Victor Gabriel MONROY–MENDOZA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71086.

Agency No. A79–524–218.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 15, 2005.

Victor Gabriel Monroy–Mendoza, Palmdale, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John L. Davis, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before REINHARDT, RYMER, and HAWKINS, Circuit Judges.

## MEMORANDUM **

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Victor Gabriel Monroy–Mendoza, a native and citizen of Mexico, petitions pro se for review of the decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review constitutional claims de novo, *Torres–Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir.2001), and motions to reopen for abuse of discretion, *Ordonez v. INS*, 345 F.3d 777, 782 (9th Cir.2003). We deny the petition for review.

To the extent Monroy–Mendoza contends that the Nicaraguan Adjustment and Central American Relief Act violates his equal protection rights, this contention is foreclosed by our decision in *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 602–03 (9th Cir.2002) ("Congress's decision to afford more favorable treatment to certain aliens 'stems from a rational diplomatic decision to encourage such aliens to remain in the United States.'") (citation omitted).

To the extent Monroy–Mendoza challenges the denial of his application for cancellation of removal, we lack jurisdiction because he did not timely petition for review of the agency's underlying order. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir.1996).

The BIA did not abuse its discretion by denying Monroy–Mendoza's motion to reopen removal proceedings because he did not establish prima facie eligibility for cancellation of removal. *See* 8 C.F.R. § 1003.2(c)(1); *Ordonez*, 345 F.3d at 785.

PETITION FOR REVIEW DENIED.